IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NITA EILEEN IRVINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-917-D |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## **ORDER AWARDING ATTORNEY'S FEES**

Before the Court are Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 30] and Supplemental Application for Award of Attorney's Fees Under the Equal Access to Justice Act to Include Fees for Legal Work on Fee Litigation [Doc. No. 33]. By the former, Plaintiff seeks an award of legal fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,251.60 to compensate for 34.5 hours of attorney time, and 4.2 hours of paralegal time expended on legal work in this matter. By the latter, Plaintiff seeks an additional amount of $392.00 to compensate for time expended by her attorney in preparing a reply brief to address the Commissioner's opposition to her fee request, discussed *infra*. Plaintiff is the prevailing party in this action under the Social Security Act, 42 U.S.C. § 405(g), by virtue of the Judgment and Order of Remand [Doc. No. 27], reversing the Commissioner's decision and remanding the matter for further administrative proceedings consistent with the magistrate judge's Report and Recommendation.

Defendant opposes Plaintiff's Application on the ground that the Commissioner's position in this case was substantially justified. "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501 (10th Cir. 1991); *see Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) ("Commissioner had the burden of proof to show that her position was substantially justified"). To carry its burden, "the government must prove that its case had a reasonable basis in law and in fact. The term 'substantially justified' has been defined as 'justified . . . to a degree that could satisfy a reasonable person.'" *Estate of Smith*, 930 F.2d at 1501 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (citation omitted); *see Hackett*, 475 F.3d at 1172. Courts "consider the reasonableness of the position the [Commissioner] took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits." *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992); *see Hackett*, 475 F.3d at 1172.

Upon consideration of the law, the case record, and the arguments of the parties, the Court finds: (1) the Commissioner's position in the case was not substantially justified; (2) Plaintiff is entitled to an award of attorney's fees under EAJA, 28 U.S.C. § 2412(d); and (3) the requested amount is reasonable. In making these findings, the Court has carefully considered Defendant's arguments to show that "the Commissioner's position in this case was reasonable because the record contained facts to support her argument and was based on a reasonable interpretation of the law." *See* Def.'s Resp. Br. [Doc. No. 31] at 3. The Court notes, however, that the Commissioner's decision was reversed in this case because the magistrate judge found Defendant's attempts to justify the determination

of the administrative law judge ("ALJ") consisted of "post-hoc justifications that were not included in the ALJ's decision." *See* R. & R. [Doc. No. 25] at 6. Defendant did not object to the Report and Recommendation, and waived further judicial review of the magistrate judge's findings on both factual and legal issues. *See* 7/18/17 Order [Doc. No. 26]. Thus, the Court rejects Defendant's view of her litigation position, and finds that Defendant has failed to carry her burden to show that her position was reasonable in law and in fact. The Court further finds, based on Defendant's failure to file any timely response to Plaintiff's Supplemental Application as required by LCvR7.1(g), that Plaintiff should be awarded an additional fee for time spent by her attorney in litigating the EAJA fee issue.[1]

IT IS THEREFORE ORDERED that Plaintiff's Application and Supplemental Application [Doc. Nos. 30 & 33] are GRANTED. The Court orders an award of attorney fees to Plaintiff pursuant to the Equal Access to Justice Act in the amount of $7,643.60. Should an additional fee award under 42 U.S.C. § 406(b) subsequently be authorized, Plaintiff's attorney shall refund the smaller amount to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

---

[1] "EAJA fees may be awarded for litigation over EAJA fees and the initial 'finding that the Government's position lacks substantial justification, like the determination that a claimant is a "prevailing party," operates as a one-time threshold for fee eligibility.' The district court has discretion to determine the amount of such a fee, or whether to award one at all." *Sanders v. Astrue*, 287 F. App'x 721, 723 (10th Cir. 2008) (citation omitted; quoting *Comm'r v. Jean*, 496 U.S. 154, 160 (1990)).

IT IS SO ORDERED this 17th day of November, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE